978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brandon Britton VAN LEER, Defendant-Appellant.
 No. 92-30073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brandon Britton Van Leer appeals his sentence under the United States Sentencing Guidelines following his guilty plea to maintaining a drug establishment in violation of 21 U.S.C. § 856. Van Leer contends that the district court erred by enhancing his offense level for possession of a firearm, pursuant to U.S.S.G. § 2D1.8(b)(1). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo application of the Sentencing Guidelines. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). We review a district court's conclusion that a defendant possessed a firearm during the commission of an offense for clear error. Id.
 
 
 4
 Under the applicable version of U.S.S.G. § 2D1.8(b)(1) (November 1, 1991), a defendant's base offense level for renting or managing a drug establishment must be increased by two points if he possesses a firearm.[1] We have not yet construed the language of Section 2D1.8(b)(1). We have reviewed, however, the application of Section 2D1.1(b)(1), which mandates a similar enhancement for different underlying offenses. To apply the two-point firearm enhancement under Section 2D1.1(b)(1), the district court need not find any connection between the firearm and the offense as long as the defendant possessed the weapon during commission of the offense. Id. The government must show the defendant exercised dominion and control over a firearm to prove he had constructive possession of it. United States v. Kelso, 942 F.2d 680, 682 (9th Cir.1991) (no possession where defendant had access to gun, but was unaware of its presence). "The proximity of guns and drugs is usually circumstantial evidence of possession during commission of a drug offense," but is not required to support a firearm enhancement. United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991) (firearm enhancement upheld where defendant arrested with drugs several miles from property where gun located).
 
 
 5
 The Sentencing Guidelines warrant application of the enhancement unless it is "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3). The defendant bears the burden of proving that the exception applies. See Stewart, 926 F.2d at 900-01; United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989). It is clearly probable that drug traffickers would arm themselves for protection from arrest, addicts or other drug dealers. United States v. Heldberg, 907 F.2d 91, 94 (9th Cir.1990). The fact that a firearm is unloaded or inoperable does not make it improbable that it is connected to the drug offense. Id.
 
 
 6
 Van Leer contends that the government did not establish that he possessed the guns and, alternatively, that it was clearly improbable the guns were connected to his offense. He argues that he never handled the guns and forgot they were in his home after his uncle, Randy Brown, who owned the guns and house, left them there. He points out that the marijuana grow was in a separate building. Van Leer also argues that the government failed to show the guns were loaded or that he would have been able to fire them.
 
 
 7
 It is undisputed, however, that pursuant to a search warrant DEA agents seized a .20 gauge shotgun from on top of a chest of drawers in Van Leer's bedroom walk-in closet and a .22 caliber pistol from a shelf in the laundry room. These locations were easily accessible and in areas subject to frequent use by Van Leer and his fiancee, who were the sole occupants of the property. Van Leer also told the probation officer that Randy Brown had shown him on one occasion how to shoot the pistol. Further, Van Leer and numerous family members participated at several grow locations over a period of years in a large scale drug operation. The grow at Van Leer's residence was located in a building adjacent to his home and involved 390 marijuana plants. On these facts, the district court reasonably concluded that Van Leer knew of and exercised sufficient dominion and control over the guns for constructive possession, see Kelso, 942 F.2d at 682, and that he kept the guns to protect the marijuana grow, see Willard, 919 F.2d at 610; Heldberg, 907 F.2d at 94. Nor was it clear error for the district court to discredit Van Leer's self-serving statements about use of the guns[2] and determine that he had failed to show that a connection between them and the offense was clearly improbable. See Stewart, 926 F.2d at 900-01; Restrepo, 884 F.2d at 1296. This conclusion would be permissible even if, as Van Leer contends, the guns were inoperable or unloaded, see Heldberg, 907 F.2d at 94, but in fact, Van Leer did not object either to the presentence report's finding that the shotgun was loaded or to a DEA receipt indicating that both guns were loaded when found. The government was not required to show proximity or a connection between the guns and the drugs to sustain the firearm enhancement. See Stewart, 926 F.2d at 900; Willard, 919 F.2d at 610.
 
 
 8
 Accordingly, the district court did not err by increasing Van Leer's base offense level by two points for possession of a firearm under U.S.S.G. 2D1.8(b)(1).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Previously, Section 2D1.8(b)(1) mandated a two-point increase for possession of a firearm "during commission of the offense." The 1991 amendment deleted the latter phrase to clarify that in applying this enhancement, the district court should look at all relevant conduct as defined by U.S.S.G. § 1B1.3(a)(2). See U.S.S.G., Appendix C, Amendment 394; cf. United States v. Willard, 919 F.2d 606, 609-10 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991) (for purposes of firearm enhancement under U.S.S.G. § 2D1.1(b)(1), "during commission of the offense" refers to entire course of criminal conduct, not just offense of conviction)
 
 
 [2]
 Although Van Leer suggests otherwise, the presentence report merely repeated his statement that he forgot about the guns' presence in his home, and did not make a factual determination, binding on the government pursuant to the plea agreement, that he actually did so