944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen Edward CAMPBELL, Defendant-Appellant.
 No. 90-30193.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1991.
Sept. 11, 1991.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant, Glen Edward Campbell, pled guilty to two counts of distribution of a controlled substance and one count of unlawful use of a communication facility. He had distributed drugs from his business, "Remember Me Records." At the time of sentencing, the district court denied Campbell a two level reduction for acceptance of responsibility and enhanced his sentence by two levels for possession of a weapon during a drug offense. Campbell appeals the district court's sentencing determinations. We affirm.
 
 
 3
 The district court did not err in refusing to give a two level reduction for acceptance of responsibility. Whether a defendant accepts responsibility for his crime is a factual determination, and we reverse the district court only if its determination is clearly erroneous. See U.S. v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir.1990). In interviews with a probation officer, Campbell did not actively accept responsibility for his wrongdoing. Instead, the appellant expressed his unhappiness with having to defend against these criminal charges and claimed to have always been an upstanding member of the community. Nor does the fact that the appellant pled guilty, without more, entitle him to the reduction. See U.S. v. Skillman, 922 F.2d 1370, 1378 (9th Cir.1990). In these circumstances, we cannot say the district court's determination was clearly erroneous.
 
 
 4
 Nor did the district court err in enhancing the appellant's sentence due to his possession of firearms. The enhancement will not apply only if it is "clearly improbable that the weapon was connected with the offense." U.S. v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). The district court's finding on this matter is a factual determination reviewed for clear error. See id. The appellant claims that it is clearly improbable that his possession of firearms was connected with the distribution of controlled substances because he acquired the firearms in order to protect his business. However, in this case, he utilized his business, "Remember Me Records," not only to sell records, but also to sell drugs. Therefore, the assertion that he acquired firearms in order to protect his business does not make it clearly improbable that his possession of the weapons was connected with the distribution of controlled substances. Accordingly, the district court's enhancement of his sentence was not clearly erroneous.
 
 
 5
 For the foregoing reasons, the decision of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3