945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry SMITH, Defendant-Appellant.
 No. 90-50530.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1991.*
Decided Oct. 4, 1991.
 
 1
 Before REINHARDT and FERNANDEZ, Circuit Judges, and SMITH, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 On December 15, 1989, about a dozen members of a police special weapons team executed a search warrant on appellant Terry Smith's home, arrested him, and seized drugs and paraphernalia. Smith appeals his conviction for possession of cocaine base with intent to distribute. He also appeals a two-point sentencing enhancement for gun possession. We affirm the conviction and the sentence.
 
 
 4
 Smith was charged with gun and drug offenses in a five count superseding indictment. He pled guilty to the gun possession offenses and went to trial on the charge of knowing possession of cocaine base with intent to distribute, a violation of 21 U.S.C. § 841(a)(1).
 
 
 5
 The jury convicted him on the drug charge. The district court sentenced him to 235 months, followed by five years supervised release. The sentence included a two point enhancement for the gun offenses.
 
 
 6
 This Court reviews the sufficiency of the evidence to support the conviction in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Palacios, 835 F.2d 230, 232 (9th Cir.1987) (affirming counterfeiting conviction).
 
 
 7
 In light of the pre-trial stipulation that the drugs at the scene were packaged for sale, the key issue at trial was the identity of the person who threw a bag of cocaine base out the window of Smith's house. Smith challenges the sufficiency of the evidence that he ever actually possessed the drugs. Other than the bag and the "uncorroborated and unreliable" testimony of the officer who saw a black male throw the bag out of the window, there was no direct evidence of drug possession, in Smith's view.
 
 
 8
 The government's evidence was sufficient to support the conviction. An officer testified that Smith was the man at the window who threw the bag. Smith was the only black male found in the house. Smith does not contend on appeal that he successfully impeached the officer, nor does he offer any reason why the jury should not have believed the officer. Viewing the evidence in the light most favorable to the government, a rational jury could have concluded beyond a reasonable doubt that Smith possessed the cocaine base with intent to distribute it. Palacios, 835 F.2d at 232.
 
 
 9
 Smith also challenges the two point sentencing enhancement for possession of firearms during the commission of the offense. Application of the Sentencing Guidelines is reviewed de novo, and the factual findings underlying the sentence are reviewed for clear error. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991) (affirming gun enhancement to drug sentence).
 
 
 10
 The Guidelines provide that the basic offense level should be increased by two levels if a firearm or other dangerous weapon "was possessed during the commission of the [drug] offense." Guidelines § 2D1.1(b)(1); Stewart, 926 F.2d at 900. Stewart explains that the sentencing court "need not find a connection between the firearm and the offense. If it finds that the defendant possessed the weapon during the commission of the offense, the enhancement is appropriate," unless the district court finds it "clearly improbable that the weapon was connected with the offense." Id., quoting United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989) (emphasis in original); Id., quoting Guidelines § 2D1.1 commentary n. 3.
 
 
 11
 Like the defendant in Stewart, Smith admitted the possession of the guns to the sentencing judge. See O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir.1988) ("In pleading guilty, a defendant admits all of the factual allegations made in the indictment"). It was his attorney's "strenuous objection" to the admission of the gun evidence that kept that evidence from the jury during the trial of the drug offense. At the sentencing hearing, his attorney acknowledged that the guns "were found in the defendant's bedroom." Smith cites no authority to support his argument that, despite the guilty plea and the admission of his attorney, he is entitled to "a factual determination that the firearms ... were possessed by Mr. Smith during the commission of the drug offense." App.Br. at 15. He relies on one sentence from the record in an effort to show that the trial court refused to hear any evidence on the question of the nexus between the guns and the drug offense. While at one point the trial court observed that it did not "find it necessary to have anyone testify to the use of a gun with drug activity," E.R. 23-24, elsewhere the court was fully apprised of the circumstances in which the guns were found. E.R. 1-2 (government's proffer); E.R. 14 (counsel's admission that they were found in the bedroom).
 
 
 12
 The district court's imposition of the enhancement rested on the conclusion that it was not "clearly improbable" that the two handguns admittedly found in Smith's nightstand were connected with the drug offense. This "not clearly improbable" finding is reviewed for clear error. Stewart, 926 F.2d at 902. The jury found that Smith threw drugs out his bedroom window. In that room were scales, vials, other paraphernalia, and two handguns. Cf. Guidelines § 2D1.1, commentary n. 3 (unloaded hunting rifle in closet not a grounds for enhancement). The probability "that the gun was linked to the offense" is substantial, especially because the Guidelines merely require "possession," not a "connection" with the offense. Id. at 900. A full review of the record shows that the district court did not simply rely on its experience with drug offenses, but rather on the facts admitted by defendant and counsel. The record virtually compelled a finding that Smith "possessed" the gun during the offense, notwithstanding his tale that he was holding the guns for his father. The two point enhancement was properly imposed.
 
 
 13
 The evidence supports the verdict. The sentencing enhancement was proper. For these reasons, the judgment of the district court is
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided in Circuit Rule 36-3