967 F.2d 594
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pedro PARRA-GONZALEZ, Defendant-Appellant.
 No. 91-50668.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Parra-Gonzalez appeals from his sentence, imposed following a guilty plea, for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Parra-Gonzalez contends that the district court erred by adjusting his offense level under the United States Sentencing Guidelines (Guidelines) for possession of a firearm during the drug offense. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for clear error the district court's factual finding that the defendant possessed a firearm during a narcotics offense. United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990).
 
 
 4
 The district court must increase a defendant's offense level by two levels if he possessed a firearm during commission of a drug offense. U.S.S.G. § 2D1.1(b)(1). The enhancement should be applied "if [a] weapon was present [during the offense], unless it is clearly improbable that the weapon was connected with the offense." Id., comment. (n. 3). A defendant involved in a conspiracy is liable for all conduct of others undertaken in furtherance of the conspiracy that was "reasonably foreseeable" by the defendant. U.S.S.G. § 1B1.3, comment. (n. 1); Garcia, 909 F.2d at 1349. "The proximity of guns and drugs is usually circumstantial evidence of possession during the commission of a drug offense," although proximity is not a necessary condition and other evidence may suffice to show that a connection between a gun and a drug offense was not "clearly improbable." United States v. Willard, 919 F.2d 606, 610 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991); see United States v. Stewart, 926 F.2d 899, 901-02 (9th Cir.1991) (gun possessed during conspiracy need not be tied to a particular transaction to support adjustment).
 
 
 5
 Here, Parra-Gonzalez participated in a conspiracy and drug transaction that also involved two codefendants and a confidential informant (CI). According to the presentence report, the CI told investigators that during negotiations for the sale of two kilograms of cocaine, he saw the clear outline of a gun in the waistband of Velasquez, one of Parra-Gonzalez' codefendants. The transaction was later consummated in the same house in which the CI had seen Velasquez with the gun. After the participants were arrested, police searched the house and discovered a loaded .45-caliber handgun in an upstairs bedroom in the house.
 
 
 6
 Parra-Gonzalez contends that the gun did not belong to any of the codefendants, but was the lawful property of the house owner. He argues that the government did not meet its burden of showing that the gun was connected to the conspiracy. We disagree. The gun was present during an attempted distribution. In light of the CI's evidence that Velasquez had possessed a gun during negotiations, the district court did not clearly err by finding "a good likelihood" that the gun had been used by Parra-Gonzalez or his codefendants in connection with the conspiracy offense. See U.S.S.G. § 2D1.1(b)(1), comment. (n. 3); Stewart, 926 F.2d at 901-02. Such use was reasonably foreseeable by Parra-Gonzalez. See Garcia, 909 F.2d at 1349-50.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3