978 F.2d 717
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Wade ROGERS, Defendant-Appellant.
 No. 92-30148.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 16, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Wade Rogers appeals his sentence under the United States Sentencing Guidelines following his guilty plea to maintaining a drug establishment in violation of 21 U.S.C. § 856. Rogers contends that the district court erred by enhancing his offense level for possession of a firearm, pursuant to U.S.S.G. § 2D1.8(b)(1). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo application of the Sentencing Guidelines. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). We review a district court's conclusion that a defendant possessed a firearm during the commission of an offense for clear error. Id.; United States v. Heldberg, 907 F.2d 91, 93 (9th Cir.1990).
 
 
 4
 Under the applicable version of U.S.S.G. § 2D1.8(b)(1) (November 1, 1991), a defendant's base offense level for renting or managing a drug establishment must be increased by two points if he possesses a firearm.[1] While we have not yet construed the language of Section 2D1.8(b)(1), we have reviewed in several cases the application of Section 2D1.1(b)(1), which mandates a similar enhancement for different underlying offenses. To apply the two-point firearm enhancement under Section 2D1.1(b)(1), the district court need not find any connection between the firearm and the offense, as long as the defendant possessed the weapon during commission of the offense. Stewart, 926 F.2d at 901. Neither is it necessary for application of the firearm enhancement that the weapon and the drugs be found in proximity to each other. Id. (drug conspiracy occurred 15 miles from home where gun was located). The Sentencing Guidelines warrant application of the enhancement unless it is "clearly improbable that the weapon was connected with the offense," using as an example "an unloaded hunting rifle in the closet." U.S.S.G. § 2D1.1, comment. (n. 3); see Stewart, 926 F.2d at 902 (not clearly improbable that machine gun, as opposed to hunting rifle, was connected with drug offense). We have recognized that drug traffickers often arm themselves for protection from arrest, addicts or other drug dealers. Heldberg, 907 F.2d at 94 (not clearly improbable that unloaded handgun located in car trunk was connected to defendant's possession of drugs).
 
 
 5
 Here, Rogers admits he possessed a .22 caliber revolver and a .357 magnum pistol during the time he conducted a grow operation involving 387 marijuana plants in a building adjacent to his home. He contends, however, that it is clearly improbable the guns were connected with the grow operation because he used the guns solely for recreational purposes and kept them in his home. Rogers testified at the sentencing hearing that his possession of the handguns, one of which belonged to his father, predated his involvement with the grow operation by several years and that he used them about once a year for target practice. Rogers stated that on the day before his arrest his daughters, ages 3 and 6, visited him shortly after he had been target shooting. When the girls noticed the loaded guns sitting on a woodstove, he allegedly hid one gun under a couch cushion and the other under a bed mattress to get them out of sight quickly. Rogers' father confirmed details of Rogers' acquisition and recreational use of the guns. The arresting officer testified that Rogers cooperated by directing him to the location of four guns, including two hunting rifles which were released to Rogers' father at the time of the arrest. A psychological report and letters from friends and relatives vouched for Rogers as a gentle and peace-loving man.
 
 
 6
 Nonetheless, Rogers' handguns do not compare with the unloaded hunting rifle in the closet. The uncontested evidence shows that Rogers possessed two fully loaded handguns hidden in unusual and easily accessible locations at his home 30 to 40 feet from the grow operation. The district court reasonably could disbelieve Rogers' explanation of the guns as rarely used sporting pieces which he coincidentally concealed from his daughters out of concern for their safety just the day prior to his arrest. Further, Rogers was involved in a large-scale drug operation in which many of the twenty search warrants executed netted firearms from other arrestees' property. In light of these considerations, it is not clearly improbable that Rogers' handguns were connected with the grow operation. See U.S.S.G. § 2D1.1, comment. (n. 3); Stewart, 926 F.2d at 901-02; Heldberg, 907 F.2d at 94.[2] The district court need not ascertain that the guns were found in proximity to the grow operation or were connected with Rogers' crime. See Stewart, 926 F.2d at 901. Accordingly, the district court did not commit clear error by enhancing Rogers' offense level two points for possession of a firearm under Guidelines Section 2D1.8(b)(1).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Previously, Section 2D1.8(b)(1) mandated a two-point increase for possession of a firearm "during commission of the offense." The 1991 amendment deleted the latter phrase to clarify that in applying this enhancement, the district court should look at all relevant conduct as defined by U.S.S.G. § 1B1.3(a)(2). See U.S.S.G., Appendix C, Amendment 394; cf. United States v. Willard, 919 F.2d 606, 609-10 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991) (for firearm enhancement under U.S.S.G. § 2D1.1(b)(1), "during commission of the offense" refers to entire course of criminal conduct, not just offense of conviction)
 
 
 [2]
 Rogers cites as authority United States v. Ruggio, No. CR-91-60092-1 (D.Or. Oct. 16, 1991) (Findings of Fact Order), in which the district court declined to apply the firearm enhancement to a recreational hunter who kept three loaded guns in a dresser near his drugs. This unpublished district court disposition lacks precedential value. See United States v. Heuer, 916 F.2d 1457, 1460 n. 1 (9th Cir.1990)