980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy D. GAGNIER, Defendant-Appellant.
 No. 92-10177.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randy D. Gagnier appeals his sentence under the United States Sentencing Guidelines, following a jury trial, for conspiracy to possess with intent to distribute marijuana and attempted possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), (b)(1)(c) and 846. Gagnier contends that the district court erred by (1) finding that he was accountable for 200 pounds of marijuana for sentencing purposes and (2) finding that he was an "organizer" or "leader" in the criminal activity pursuant to Guidelines section 3B1.1(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Drug Quantity
 
 
 4
 Gagnier contends that no reliable or sufficient evidence supported the district court's finding of 200 pounds of marijuana involved in the offense, rather than his allegation of 30 to 40 pounds. Specifically, he argues that any discussion between he and the other individuals involved regarding quantities above 40 pounds was simply "idle talk." We disagree.
 
 
 5
 We review de novo a district court's application of the Guidelines, United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991), while we review for clear error its underlying factual findings, United States v. Egbuniwe, 969 F.2d 757, 763 (9th Cir.1992). The amount of drugs attributable to a defendant is a matter for the district court to determine by the preponderance of evidence at the sentencing hearing. Id. at 763-64; see also United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992).
 
 
 6
 At sentencing, the district court found by clear and convincing evidence that Gagnier was accountable for 200 pounds of marijuana. The record indicates that the district court's finding is not clearly erroneous. At the jury trial, the undercover Drug Enforcement Administration agent testified that all the negotiations involved 200 pounds of marijuana. Additionally, the presentence report (PSR) indicated that the defendant agreed to purchase the marijuana for $950.00 per pound. Following Gagnier's arrest, law enforcement officials seized a duffel bag, which he had brought to the drug transaction, containing $180,000.00. This amount of cash was nearly enough to purchase 200 pounds of marijuana.[1]
 
 
 7
 Thus, the district court did not clearly err by finding that, at a minimum, by a preponderance of the evidence, Gagnier was a knowing participant in a conspiracy to distribute 200 pounds of marijuana. See Egbuniwe, 969 F.2d at 764; Restrepo, 946 F.2d at 661.
 
 II
 Role in the Offense
 
 8
 Gagnier contends that the district court erred by (1) finding that he played an aggravating role in the offense and (2) failing to make specific findings to support its application of U.S.S.G. 3B1.1(c). These contentions lack merit.
 
 
 9
 We review for clear error a district court's determination that a defendant played an aggravating role in the offense. United States v. Peters, 962 F.2d 1410, 1415 (9th Cir.1992).
 
 
 10
 The Guidelines allow a two-level upward adjustment if the defendant was an "organizer, leader, manager or supervisor in any criminal activity" involving less than five participants. U.S.S.G. § 3B1.1(c); see also United States v. Sanchez, 908 F.2d 1443, 1447 (9th Cir.1990); United States v. Carjaval, 905 F.2d 1292, 1294-95 (9th Cir.1990). A district court's determination that a co-defendant was an equal partner in the offense does not preclude a finding that the defendant was an organizer or a leader. See Peters, 962 F.2d at 1415.
 
 
 11
 Here, the PSR contained a recommendation that Gagnier's offense level be increased by four levels pursuant to U.S.S.G. § 3B1.1(a) because of his managerial role in the drug-distribution operation. At sentencing, the district court disagreed with the recommendation in the PSR and elected to increase Gagnier's offense level by only two levels pursuant to 3B1.1(c). In making it's finding, the district court stated:
 
 
 12
 I find that you were a co-manager of a group of two to three people of a wholesale operation with an end-line identifiable customer base.
 
 
 13
 Now, that customer base, and I heard that not only from the government's point of view but I heard that from you on direct and cross-examination, about your customer base....
 
 
 14
 ....
 
 
 15
 You and ... [your co-defendant] had a wholesale operation going, and whether you had these others people involved or not I'm not going to find necessarily that there were--it's a close question, whether there were five identifiable individuals involved, but that's only a difference between--I don't think the four level enhancement would have been proper, but it's a close call between the 3 and 2 level adjustment. I am going to go with paragraph (c) and give you the two level adjustment on that because I believe it best describes the events in question here.
 
 
 16
 (RT 2/21/92 at 5-6).
 
 
 17
 In light of our examination of the record, we hold that the district court did not clearly err by finding that Gagnier was an organizer in this offense. See Peters, 962 F.2d at 1415; Sanchez, 908 F.2d at 1448. The district court stated sufficient reasons for the adjustment on the record and gave Gagnier an opportunity to rebut the disputed information. Nothing more is required. See Peters, 962 F.2d at 1415; see also United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990) (district court made sufficient factual findings where it clearly explained the basis for its ruling and gave the defendant an opportunity to rebut disputed information and/or request a more definitive ruling).
 
 
 18
 Accordingly, the district court properly adjusted Gagnier's sentence under U.S.S.G. § 3B1.1(c).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Gagnier's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Gagnier was $10,000 short of the amount needed to purchase 200 pounds of marijuana, the PSR indicated that the undercover agent informed Gagnier that any shortages could be taken care of on the next transaction