988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Warde Bradley THOMPSON, Defendant-Appellant.
 No. 92-30084.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 5, 1993.*
Decided March 10, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-91-60122-01-MRH; Michael R. Hogan, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before TANG, POOLE and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Warde Bradley Thompson appeals his conviction, following a conditional guilty plea, for manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). Thompson argues that his conviction should be reversed because the district court failed to suppress evidence seized from his residence pursuant to an invalid search warrant. Thompson also appeals the district court's two-level enhancement of his sentence due to Thompson's possession of a firearm during the commission of a narcotics offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Thompson argues that the district court improperly denied his motion to suppress evidence. Thompson claims that the warrant, upon which the search of his residence was executed, was unsupported by the government's required showing of probable cause.
 
 
 4
 Motions to suppress are generally reviewed de novo. United States v. Schmidt, 947 F.2d 362, 371 (9th Cir.1991). However, the determination of probable cause by a district judge or magistrate judge prior to the issuance of a warrant is treated with great deference and thus is not reviewed de novo. Id. A finding of probable cause by a district judge or magistrate judge will not be reversed unless clearly erroneous--"[t]he court need only find that, 'under the totality of the circumstances, ... [there was] a substantial basis for concluding that probable cause existed.' 'In doubtful cases, preference should be given to the validity of the warrant.' " Id. (quoting United States v. McQuisten, 795 F.2d 858, 861 (9th Cir.1986)).
 
 
 5
 Thompson initially contends that the affidavit underlying the warrant contained information which was "stale" and provided by unreliable informants, and omitted or deliberately misstated material facts. The district court properly rejected each of these claims. The affiant, Senior Trooper Roger Paul, received three separate anonymous communications, ostensibly from three different informants, describing in detail Thompson, his property, and his marijuana growing operation. See United States v. Hernandez-Escarsega, 886 F.2d 1560, 1566 (9th Cir.1989) (interlocking nature of statements from different informants enhances the credibility of each of the informants), cert. denied, 497 U.S. 1003 (1990). Paul's further observation, investigation and surveillance of Thompson's property, following receipt of the three "interlocking statements," yielded evidence consistent with drug-related activity which served to corroborate the informants' accounts. Further, the district court found that Paul's Franks hearing testimony was credible, and that any omission or errors in the affidavit were the result of negligence or innocent omission rather than the result of an intentional or reckless disregard for the truth. When the information provided by Paul to the issuing magistrate is viewed in the aggregate, we must conclude that the magistrate's finding of probable cause was not clear error.
 
 
 6
 Second, Thompson argues that even if there were probable cause to support the issuance of a warrant, searches and seizures were conducted outside of the scope of the warrant. Specifically, Thompson contends that the warrant did not authorize police to search the area of his property in which they later found and seized about 635 marijuana plants from the bed of an old dump truck. This argument is without merit. The Warrant and Attachment "B" expressly authorized law enforcement officials to search "[t]he residence of Warde Bradley Thompson" including "the house, all out buildings that are known and unknown, vehicles, persons present and all vehicles under their control and all of the listed property of approx 198.32 more or less acres ranch on Devil's Knob Road, Tiller." Thompson does not dispute that the marijuana plants were found within this geographical area.
 
 II
 
 7
 Thompson argues that the district court improperly enhanced his sentence by two levels pursuant to U.S.S.G. § 2D1.1(b)(1). We review the district court's application of the Sentencing Guidelines de novo. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). We review the district court's finding that a defendant possessed a firearm during the commission of a narcotics offense for clear error. Id.
 
 
 8
 Section 2D1.1(b)(1) provides for a two level increase in a defendant's base offense level "[i]f a dangerous weapon (including a firearm) was possessed" during the commission of a drug related offense. This circuit has held that, "in applying § 2D1.1(b)(1), the court need not find a connection between the firearm and the offense. If it finds that the defendant possessed the weapon during the commission of the offense, the enhancement is appropriate." Stewart, 926 F.2d at 900 (quoting United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989)). However, "the two-level enhancement should not be applied if it is 'clearly improbable that the weapon was connected with the offense.' " Id. (quoting § 2D1.1, comment. (n. 3)).
 
 
 9
 During the execution of the search warrant covering Thompson's property, police found more than ten assorted rifles, shotguns and handguns scattered throughout Thompson's house. Many of these weapons were loaded. Additionally, one of the officers executing the search testified at the sentencing hearing that when police entered Thompson's house, Thompson was standing in his kitchen with a loaded .45 caliber pistol on a counter approximately three feet away from him. Stating that "there were lots of loaded guns where this marijuana grow was taking place," the district court determined that it was not clearly improbable that the guns were possessed by Thompson for a purpose connected to his marijuana operation and that "in this case, the enhancement [was] appropriate." The district court's finding that Thompson possessed a firearm during the commission of a narcotics offense was not clearly erroneous.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thompson appears to argue that § 2D1.1(b)(1) improperly places the burden on a defendant to show that there was no connection between the weapon and the offense. This argument was squarely rejected by Restrepo, 884 F.2d at 1296; accord Stewart, 926 F.2d at 900-01