15 F.3d 1093
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Eliseo MEDINA-ELENES, Defendant-Appellant.
 No. 92-30398.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Nov. 24, 1993.
 
 Before: REINHARDT, BRUNETTI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eliseo Medina-Elenes appeals his convictions and sentence for conspiracy to possess cocaine and heroin with intent to distribute and distribution of cocaine and heroin in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He raises three claims. First, he argues that the government failed to use reasonable efforts to produce its informant. Second, he contends that the district court misapplied the Sentencing Guidelines by attributing to him all of the drugs sold by the conspiracy and by miscalculating his base offense level. Finally, he argues that the district court erroneously applied the firearm enhancement to his sentence. We affirm.
 
 1. Informant
 
 3
 Where the defendant makes a proper request for the government to produce an informant, the government must undertake "reasonable efforts" to make the informant available to the defense. See United States v. Hart, 546 F.2d 798, 799 (9th Cir.1976), cert. denied, 429 U.S. 1120 (1977). However, failure to make reasonable efforts requires reversal only if production of the informant would have been of assistance to the defense. See United States v. Valenzuela-Bernal, 458 U.S. 858, 872 (1982). Here, there was no showing that the informant could assist the defendant in any way. The government did not rely on the informant's testimony at trial, and the defendant conceded guilt in almost all respects. At oral argument before this court, counsel for the defendant conceded that the informant's testimony would not have been material to the defendant's guilt or innocence. Under these circumstances, the government's failure to make reasonable efforts to produce the informant is not reversible error.
 
 2. Offense Level
 
 4
 Medina-Elenes next contends that the district court erred in attributing to him all of the drugs sold by the conspiracy. He argues that the court and the presentence report failed to make specific findings regarding his participation in each specific transaction in the conspiracy and that at least one of his codefendants acted unforeseeably and beyond the scope of the conspiracy.[1] Under the Guidelines, a conspiracy defendant is responsible for any acts which are taken within the scope of the agreement or which are reasonably foreseeable. See U.S.S.G. Sec. 1B1.3, comment 1. In making its determination, the district court may make its own specific findings or adopt those made in the presentence report. See United States v. Navarro, 979 F.2d 786, 788 (9th Cir.1992).
 
 
 5
 We find sufficient support for the district court's attribution to Medina-Elenes of all drugs sold by the conspiracy. Medina-Elenes's leadership role in the conspiracy is uncontested, and all 27 transactions in the conspiracy were conducted from his property, where his business was located, and involved the same clients. He presented no evidence tending to demonstrate that his codefendants acted outside of the scope of the conspiracy. We also reject Medina-Elenes's contention that the district court miscalculated his base offense level. The district court expressly adopted the findings in the presentence report regarding the amount of drugs attributable to him. The presentence report, in turn, expressly attributed to him 1,173.6 grams of cocaine and 208.5 grams of heroin. It was not clear error to do so.
 
 3. Firearm Enhancement
 
 6
 Medina-Elenes contends that the district court erred in applying the firearm enhancement to his sentence because the guns were unloaded and were found in his residence, where none of the transactions had taken place and where no drugs or drug money were found. In a conspiracy case, a firearm enhancement is appropriate if the defendant possessed the gun during the course of the conspiracy, even if the firearm was not found at the location of the overt acts for which the defendant was convicted. See United States v. Stewart, 926 F.2d 899 (9th Cir.1991). The district court may also infer a sufficient connection between the firearm and the criminal conduct based on the fact that the firearm is of a type generally used to further the kind of criminal conduct for which the defendant was convicted. See id. at 902.
 
 
 7
 Here, the firearms were found in Medina-Elenes's mobile home, adjacent to the building where the drug transactions took place. Medina-Elenes does not contest his ownership of the weapons, two of which were semi-automatic handguns. These weapons are often used to further drug offenses. See United States v. Heldberg, 907 F.2d 91, 93 (9th Cir.1990). The district court did not clearly err in finding that Medina-Elenes possessed the guns found in his home during the course of the conspiracy.
 
 
 8
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review the application of the Sentencing Guidelines de novo. See United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1990). We review the district court's factual determinations for clear error. See United States v. Torres-Rodriguez, 930 F.2d 1375, 1389 (9th Cir.1991)