125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Tomas BERNABE-VALENCIA, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Fermin Inda-Parra, aka Fermin Inda, Defendant-Appellant.
 Nos. 96-10513, 96-10519.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 22, 1997**
Sept. 26, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CR-95-05229-REC, D.C. No. CR-95-05229-REC; Robert E. Coyle, Senior District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Co-defendants Tomas Bernabe-Valencia and Fermin Inda-Parra appeal their sentences imposed following their guilty plea convictions for conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1). Bernabe-Valencia challenges his 120-month sentence. Inda-Parra challenges his 210-month sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. With regard to Bernabe-Valencia's sentence, we remand for reconsideration of his role in the offense. Inda-Parra's sentence is affirmed.
 
 1. Bernabe-Valencia
 
 3
 Bernabe-Valencia contends that the district court erred by increasing his offense level by two for his aggravating role as "an organizer, leader, manager, or supervisor" under U.S.S.G. § 3B1.1(c). To merit an upward adjustment under § 3B1.1(c), Bernabe-Valencia "must have exercised some control over others involved in the commission of the offense or [was] responsible for organizing others for the purpose of carrying out the crime." See United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993). (citation and internal quotation omitted). Circumstances justifying an increase from the base offense level must be proven by a preponderance of the evidence. See United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 4
 On appeal, the government concedes that insufficient evidence supported the conclusion that Bernabe-Valencia was a leader/ organizer of the heroin transaction. In light of this concession, we remand to the district court for reconsideration and for further findings with regard to Bernabe-Valencia's role in the offense. See Hoac, 990 F.2d at 1111.
 
 
 5
 On remand, should Bernabe-Valencia demonstrate that he qualifies for relief under the "safety valve" provision, U.S.S.G. § 5C1.2, the district court has no discretion to withhold its application. See 18 U.S.C. § 3553(f) (1995); U.S.S.G. § 5C1.2 (1995); United States v. Real-Hernandez, 90 F.3d 356, 361 (9th Cir.1996).
 
 2. Inda-Parra
 
 6
 In calculating Inda-Parra's offense level, the district court considered 4.5 gallons of hydriodic acid found in his garage as "relevant conduct" under U.S.S.G. § 1B1.3. Inda-Parra contends that the evidence was insufficient to support the conclusion that the hydriodic acid, a precursor chemical used in the manufacture of methamphetamine, was attributable to him. This contention lacks merit.
 
 
 7
 Factual findings underlying an increase in offense level must be proven by a preponderance of the evidence. See Wilson, 900 F.2d at 1354. In sentencing a defendant, the district court is not restricted to evidence that would be admissible at trial and may consider any information, including hearsay, that "has sufficient indicia of reliability to support its probable accuracy." See U.S.S.G. § 6A1.3(a); United States v. Chee, 110 F.3d 1489, 1492 (9th Cir.1997). We review for abuse of discretion the district court's evaluation of reliability. See United States v. Petty, 982 F.2d 1365, 1369 (9th Cir.), amended on other grounds, 992 F.2d 1015 (9th Cir.1993).
 
 
 8
 Here, Inda-Parra's connection to the hydriotic acid was established by a preponderance of the evidence. See Wilson, 900 F.2d at 1354. During negotiations for the sale of the heroin, Inda-Parra twice mentioned to the confidential informant ("CI") that he was interested in purchasing ephedrine, a precursor chemical used to manufacture methamphetamine. These statements were included in the CI's investigatory reports to the Department of Justice and were reported prior to the search of Inda-Parra's residence. The hydriotic acid was discovered after Inda-Parra's arrest, and he offered various contradictory explanations for its presence in his garage. In addition, Inda-Parra's brother told law enforcement officials that there was "a good possibility" the acid belonged to Inda-Parra.
 
 
 9
 We also reject Inda-Parra's contention that the CI's statements regarding Inda-Parra's interest in ephedrine were unreliable. On these facts, the information "has sufficient indicia of reliability to support its probable accuracy." See U.S.S.G. § 6A1.3. Accordingly, we find no abuse of discretion by the district court. See Petty, 982 F.2d at 1369.
 
 
 10
 Finally, Inda-Parra contends that the district court erred in applying a two-level upward adjustment for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). This contention lacks merit.
 
 
 11
 We review the district court's finding that Inda-Parra possessed a firearm in connection with a drug conspiracy for clear error. See United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). Under § 2D1.1(b)(1), a two-level increase in offense level is appropriate if a firearm was present during a drug offense, unless it is "clearly improbable that the weapon was connected with the offense." See United States v. Kyllo, 37 F.3d 526, 531 (9th Cir.1994); U.S.S.G. § 2D1.1, Application Note 3 (1995).
 
 
 12
 During the search of Inda-Parra's residence, officers discovered a pistol-gripped 12-gauge shotgun. See Kyllo, 37 F.3d at 531. Inda-Parra admitted to the probation officer that he had possessed the shotgun for four years. Several days before the search, the CI reported that he had negotiated the sale of heroin at Inda-Parra's residence. Given these circumstances, the district court's determination that the shotgun was present during the CI's visit was not clearly erroneous. See Stewart, 926 F.2d at 900. Nor was it clearly improbable that the shotgun was connected with the heroin transaction. See Kyllo, 37 F.3d at 531. The sentence enhancement was therefore appropriate. See id. Stewart, 926 F.2d at 900.[1]
 
 
 13
 AFFIRMED in part; REMANDED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Inda-Parra possessed a firearm in connection with his offense, we agree with the district court that he is ineligible for sentencing under the "safety valve" provision. See 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2