**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Mario VALENCIA–ALVAREZ, Defendant–Appellant.**

No. 03–30079.

D.C. No. CR–02–00177–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John McKay, Sarah Y. Vogel, USSE–Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Nancy L. Talner, Seattle, WA, for Defendant–Appellant.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM**

Mario Valencia–Alvarez appeals the judgment of conviction following his guilty plea, and his 210–month sentence for conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Valencia–Alvarez first contends that his guilty plea is invalid because the district court violated Federal Rule of Criminal Procedure 11 by not advising him of the applicable Sentencing Guideline range. Valencia–Alvarez's contention is precluded by this court's precedent. *See United States v. Turner*, 881 F.2d 684, 687 (9th Cir.1989) (concluding that a sentencing court is not required to inform a defendant of the applicable Sentencing Guidelines range during the guilty-plea colloquy), *overruled on other grounds, United States v. Rodriguez–Razo*, 962 F.2d 1418, 1424–25 (9th Cir.1992).

Valencia–Alvarez also contends that the upward enhancement for possession of a weapon under U.S.S.G. § 2D1.1(b)(1) is not supported by sufficient evidence. The district court did not err in applying the enhancement because the evidence established that Valencia–Alvarez knew a gun was in his bedroom dresser, along with over $300,000 in cash, and because the gun and drugs were both found in his residence at the time of his arrest. *See United States v. Stewart*, 926 F.2d 899, 901–02 (9th Cir.1991).

Further, Valencia–Alvarez has not demonstrated that, based on the instant record, it was clearly improbable that the gun

was connected with the drug conspiracy. *See id.* at 902.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.