**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan M. MONTENEGRO, Defendant—**
**Appellant.**

No. 06–30207.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 8, 2007.

Filed Feb. 22, 2007.

Rafael M. Gonzalez, Jr., United States Attorney's Office, Boise, ID, for Plaintiff–Appellee.

David N. Parmenter, Esq., David N. Parmenter & Associates, Blackfoot, ID, for Defendant–Appellant.

Before: THOMPSON, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Juan M. Montenegro appeals the district court's reimposition of his sentence of eighty-seven months after pleading guilty to distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In sentencing Montenegro, the district court applied a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon during a drug-trafficking offense. When Montenegro was arrested, the DEA found a shotgun, two hunting rifles, a .22 caliber pistol, and ammunition in the master bedroom of his residence.

In his first appeal, Montenegro contended that: (1) the district court improperly found facts not admitted by his plea agreement that increased his sentence in violation of *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and (2) the district court incorrectly applied the weapons enhancement. Montenegro concedes that the drug transactions occurred and that the weapons belong to him, but argues that it is clearly improbable that the firearms were connected to his drug-trafficking because they were unloaded and were not found until a month after the last completed transaction for which he was indicted. *See* U.S.S.G.

§ 2D1.1(b)(1), cmt. n. 3 ("The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense.").

Because Montenegro was sentenced prior to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and our decision in *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc), a panel of our court in considering Montenegro's first appeal granted a limited remand for the district court to determine "whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory." *United States v. Montenegro,* 146 Fed. Appx. 207, 207 (9th Cir.2005). Upon remand, the district court considered the arguments of counsel, and affirmed Montenegro's sentence. The court determined it had correctly applied the advisory Sentencing Guidelines and that there were no § 3553(a) factors that would warrant a lower sentence.

In this present appeal, Montenegro argues for the first time that the district court incorrectly placed upon him the burden to demonstrate that it was "clearly improbable" that the weapons found in his home were connected with his drug-trafficking offense. Montenegro also contends that the district court erred in failing to find beyond a reasonable doubt the facts necessary to support the Guideline § 2D1.1(b)(1) enhancement.

Our review of an appeal from a limited *Ameline* remand normally is confined to "[w]hether the district judge properly understood the full scope of his discretion in a post-*Booker* world." *United States v. Combs,* 470 F.3d 1294, 1297 (9th Cir.2006).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In this case, however, the first time around we did not address the arguments Montenegro then raised. We do so now. While we ordinarily would not consider the newly raised burden-shifting argument, *see id.*, we address the argument insofar as it relates to whether the district court correctly applied the § 2D1.1(b)(1) enhancement.

The district court correctly determined first, that Montenegro possessed the weapons, and second, that Montenegro failed to establish that it was clearly improbable that the weapons were connected with the offense. As we explained in *United States v. Lopez–Sandoval,* "the court need not find a connection between the firearm and the offense. If it finds that the defendant possessed the weapon during the commission of the offense, the enhancement is appropriate." 146 F.3d 712, 714 (9th Cir. 1998) (internal quotation marks omitted). Because the word "unless" in the Guidelines Commentary creates an exception rather than a rule, the burden is on the defendant to show that the exception applies to him as "the government [need not] prove the absence of every possible exception or mitigating circumstance." *United States v. Restrepo,* 884 F.2d 1294, 1296 (9th Cir.1989).

Furthermore, that the firearms were unloaded and were found one month after the last completed drug transaction for which he was indicated does not render it clearly improbable that the weapons were connected to Montenegro's drug-trafficking offense. *See Lopez–Sandoval,* 146 F.3d at 714–16; *United States v. Pitts,* 6 F.3d 1366, 1373 (9th Cir.1993). To the contrary, "the key is whether the gun was possessed during the course of criminal conduct, not whether it was 'present' at the site." *United States v. Stewart,* 926 F.2d 899, 901 (9th Cir.1991).

Finally, the district court did not violate Montenegro's Sixth Amendment rights when it found by a preponderance of the evidence the facts necessary to support the two-level enhancement. "[W]e view judicial factfinding as erroneous only when coupled with a mandatory guidelines system." *Ameline,* 409 F.3d at 1081; *see also Booker,* 543 U.S. at 233, 125 S.Ct. 738. Moreover, we have held that "following *United States v. Booker,* district courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard." *United States v. Kilby,* 443 F.3d 1135, 1140 (9th Cir.2006) (citation omitted). The two-level enhancement does not have a disproportionate impact on Montenegro's sentence such that the district court should have applied the clear and convincing standard. *Cf. United States v. Staten,* 466 F.3d 708, 717–18 (9th Cir.2006) (as amended). The district court correctly applied the Guidelines and properly considered the § 3553(a) sentencing factors. Montenegro's sentence is reasonable.

**AFFIRMED.**