**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pedro SANCHEZ, aka Armando**
**Siemeon Mitra; et al.,**
**Defendant–Appellant.**

No. 07–50224.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

Filed March 26, 2008.

Michael J. Raphael, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Anne Gannon, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Joel Levine, Esq., Costa Mesa, CA, for Defendant–Appellant.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Pedro Sanchez appeals from his 168–month sentence imposed following a guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Sanchez contends that the district court erred in applying a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm. The district court properly determined that Sanchez possessed a firearm during the commission of the conspiracy. *See United States v. Gillock,* 886 F.2d 220, 223 (9th Cir.1989) (per curiam). Moreover, it was not "clearly improbable that the weapon was connected with the offense." *See United States v. Lopez–Sandoval,* 146 F.3d 712, 715 (9th Cir.1998). Accordingly, the district court did not clearly err in applying a two-level enhancement for possession of a firearm. *See United States v. Stewart,* 926 F.2d 899, 902 (9th Cir.1991).

Sanchez's contention under *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), also fails. *See United States v. Booker,* 543 U.S. 220, 246, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

