**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50467 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01131-JHN |
| v. | |
| JAIME RIOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted May 7, 2013
Pasadena, California

Before: PAEZ and IKUTA, Circuit Judges, and EZRA, District Judge.[**]

Defendant-Appellant Jaime Rios ("Rios") pled guilty to conspiracy to

distribute cocaine and now appeals his sentence. He argues that the appeal waiver

in his plea agreement is unenforceable. He also contends that the district court

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David A. Ezra, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

erred in applying a two-level firearm enhancement under U.S.S.G. § 2D1.1(b)(1) because there was insufficient evidence to establish that he possessed a firearm during the commission of the charged conspiracy. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. This appeal is not barred by the appeal waiver set forth in Rios's plea agreement. At his sentencing, the district court told Rios that he had the right to appeal his sentence, and the government did not object. The appeal waiver contained in Rios's plea agreement is therefore unenforceable. *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995) (holding that a trial judge's oral pronouncement that a defendant may appeal his sentence controls, even if erroneous).

2. As for Rios's second issue on appeal, Section 2D1.1(b)(1) of the United States Sentencing Guidelines provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed" during an offense involving drugs. U.S.S.G. § 2D1.1(b)(1) (2010); *see also United States v. Aquino*, 242 F.3d 859, 863 (9th Cir. 2001). We review for clear error the district court's factual determination that a defendant possessed a firearm during the commission of an offense. *United States v. Stewart*, 926 F.2d 899, 900 (9th Cir. 1991).

When Rios was arrested, the government searched his person, residence,

garage, and vehicles, and found the following: more than $60,000 in cash; one loaded .38 caliber handgun; two loaded 9 mm semi-automatic handguns; six cellular telephones; one pound of methamphetamine; and seven ounces of cocaine. The district court concluded that the two-level enhancement was called for under the guidelines because it appeared that Rios "possessed [a] firearm during the period of time that he was involved in the drug trade," as evidenced "not only by the presence of narcotics at the time that he was arrested, but also by the large amount of cash along with the three loaded firearms."

Rios argues that the district court erred because there was no evidence that he possessed the firearms during the commission of any overt act associated with the charged conspiracy, or that he possessed them during the time period of the charged conspiracy. However, for purposes of the dangerous weapon enhancement, we have defined "possession" broadly. *United States v. Pitts*, 6 F.3d 1366, 1372 (9th Cir. 1993). The firearm need not be present during any particular transaction; "the key is whether the gun [is] possessed during the course of criminal conduct. . . ." *Stewart*, 926 F.2d at 901. Accordingly, the enhancement is properly applied where a district court finds that the defendant possessed a firearm while involved in the same course of criminal conduct as the offense of conviction; in this case, the drug trade. *See United States v. Willard*, 919 F.2d 606, 609 (9th

Cir. 1990) ("The district court properly found that appellant possessed firearms during the period of time in which he was involved in the drug trade.").  In light of the amount of drugs and cash and the number of cellular telephones and firearms in Rios's possession at the time of his arrest, the district court did not err when it found that Rios possessed a firearm while involved in the drug trade.

**AFFIRMED.**