990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Lee BEATY, Defendant-Appellant.
 No. 92-30087.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 7, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Lee Beaty appeals his 70-month sentence under the United States Sentencing Guidelines following his guilty plea to manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1) and possessing an unregistered short-barreled shotgun in violation of 21 U.S.C. §§ 5861(d) and 5871. Beaty contends that the district court erred by adjusting his offense level upward two points for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo application of the Sentencing Guidelines. United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991). We review for clear error a district court's determination that a defendant possessed a firearm during the commission of an offense. Id.; United States v. Willard, 919 F.2d 606, 609 (9th Cir.1990), cert. denied, 112 S.Ct. 208 (1991).
 
 
 4
 Section 2D1.1(b)(1) requires a two-point increase in a defendant's base offense level for possession of a dangerous weapon, including a firearm, during commission of a narcotics offense. To apply this enhancement, the district court need not find any connection between the firearm and the offense as long as the defendant possessed the weapon during commission of the offense. Stewart, 926 F.2d at 900; Willard, 919 F.2d at 609. Section 2D1.1(b)(1) applies with respect to the entire course of criminal conduct, not only the offense of conviction. Stewart, 926 F.2d at 901; Willard, 919 F.2d at 609-10. "The proximity of guns and drugs is usually circumstantial evidence of possession during commission of a drug offense," but is not required to support a firearm enhancement. Willard, 919 F.2d at 610 (enhancement upheld where defendant arrested with drugs several miles from property where gun located); see Stewart, 926 F.2d at 901 (same).
 
 
 5
 The Sentencing Guidelines warrant application of the enhancement unless it is "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir.1990) (not clearly improbable that loaded handgun under car floormat was connected with sale of cocaine in trunk); United States v. Heldberg, 907 F.2d 91, 93-94 (9th Cir.1990) (not clearly improbable that unloaded revolver locked in car trunk was connected with defendant's importation of drugs in vehicle). The defendant bears the burden of proving that the exception applies. See Stewart, 926 F.2d at 900-01; United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989). A district court need not accept a defendant's self-serving statements about the offense. United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991) (discounting defendant's account of his role as mere drug courier). It is clearly probable that drug traffickers would arm themselves for protection from arrest, addicts or other drug dealers. Heldberg, 907 F.2d at 94.
 
 
 6
 Beaty contends that the district court erred by enhancing his offense level under section 2D1.1(b)(1) because there is insufficient evidence that the revolver found in his car was connected with the marijuana grow operation in his home. In support of this contention he points out that it is common for people to possess firearms for personal protection or other legitimate reasons.
 
 
 7
 Nonetheless, the uncontested evidence shows that agents found a methamphetamine laboratory in Beaty's garage and a marijuana grow of 152 plants in a room behind the garage. Beaty, who had been absent during the search, returned home from what was later ascertained to be a similar but larger marijuana grow in the home of co-defendant Tom Trainer. Agents then arrested Beaty and discovered a plastic bag of methamphetamine in his front pocket and a briefcase in his car's trunk. The briefcase contained a loaded .357 revolver, marijuana, and pills in a bottle marked "phenobarbital." Beaty later admitted cultivating two crops of marijuana for personal use and to give away.
 
 
 8
 On these facts, the district court could reasonably conclude that Beaty possessed the revolver during commission of the offense. See Stewart, 926 F.2d at 901; Willard, 919 F.2d at 609-10. The district court was not required, in addition, to find a connection between the revolver and the marijuana grow operation. See Stewart, 926 F.2d at 900; Willard, 919 F.2d at 609. Neither did it need to find that the revolver was located with the marijuana grow, although in fact the proximity of the gun to the drugs was evident and supports the enhancement. See Stewart, 926 F.2d at 901; Willard, 919 F.2d at 610. Beaty's unsupported, self-serving denial of any connection between the revolver and his offense does not satisfy his burden of showing that a connection between them is "clearly improbable." See U.S.S.G. § 2D1.1, comment. (n. 3); Garcia, 909 F.2d at 1349; Heldberg, 907 F.2d at 93-94. The district court did not err, therefore, by enhancing Beaty's offense level two points for possession of a firearm pursuant to section 2D1.1(b)(1).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3