995 F.2d 234
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hector Gerardo ROBLES, Defendant-Appellant.
 No. 92-50489.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 7, 1993.*
Decided June 9, 1993.
 
 Before: KOZINSKI, SILER** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 A. We find no outrageous government conduct here. The government didn't coerce Robles; Robles seemed unafraid enough to make violent threats against the agents and others. SER 43, 53, 100, 105-06. The government didn't badger Robles into doing anything he was unwilling to do--Robles was quite happy to print the counterfeit currency. SER 35-36, 40, 42, 46, 52, 57, 58. Robles hardly suffered from "sheer naivete and lack of sophistication," Robles Brief at 37: He was an experienced counterfeiter and businessman, SER 7, 36, 37, 46, 93, 102. And we see nothing wrong in the government's targeting Robles based on Robertson and Zapanta's information, or employing the informant even if he was "out of control, untrustworthy, [and] conscienceless." Robles Brief at 37. The government's conduct was simply not "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Garza-Juarez, 1993 WL 124779, * 6 (9th 
Cir. Apr. 23, 1993)(internal quotation marks omitted).
 
 
 3
 B. Nor was there error (much less plain error) in the jury instructions; as Robles himself concedes, possessing partly complete counterfeit currency violates 18 U.S.C. § 474. Robles Brief at 43-44. Moreover, there was ample evidence from which the jury could find that Robles did knowingly possess partly complete currency with intent to distribute it.
 
 
 4
 Robles argues that, despite this, his conviction should be reversed because the jury instructions defined "counterfeit" to mean "passable," and the bills he had weren't passable because they were only partly complete. Robles Brief at 44-45. But the instructions didn't define counterfeit to mean passable: They made clear "[i]t is not necessary for the prosecution to prove that the defendant possessed completed counterfeit currency or counterfeit currency which was ready to use." Robles Brief at 43. Robles has no cause for complaint on this score.
 
 
 5
 C. The district court was correct in counting the partly complete bills in adjusting Robles's sentence under U.S.S.G. § 2B5.1(b)(1). Application note 2 does define "counterfeit" to mean an instrument that is "falsely made or manufactured in its entirety." But reading this definition together with the next sentence--"[o]ffenses involving genuine instruments that have been altered are covered under § 2B5.2"--makes it clear that "falsely made in its ... entirety" refers to bills made from scratch as opposed to alterations of genuine bills. It doesn't purport to distinguish completely made bills from unfinished ones.
 
 
 6
 D. There was nothing improper in this case about the agent's "manipulat[ing] the sentencing guidelines by requesting an amount of counterfeit currency to be printed, and then provid[ing] the means of production." Robles Brief at 48. Robles "freely contracted to [print] the negotiated amount" of currency, United States v. Frazier, 985 F.2d 1001, 1003 (9th Cir.1993); he "present[ed] no evidence that undercover agents ... artificially inflated his sentence by pressuring" him to print more currency than he might otherwise have been willing to, id. Even if "sentencing entrapment" may sometimes be a legitimate ground for departure, it wouldn't be so here.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Eugene E. Siler, United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3