UNITED STATES of America,
Plaintiff–Appellee,

v.

Adolpho Roberto BARA, Defendant–
Appellant.

No. 93–1255.

United States Court of Appeals,
Tenth Circuit.

Jan. 5, 1994.

Michael G. Katz, Federal Public Defender, and Warren R. Williamson, Asst. Federal Public Defender, Denver, CO, for defendant-appellant.

James R. Allison, Interim U.S. Atty., and John M. Hutchins and David M. Gaouette, Asst. U.S. Attys., Mountain States Drug Task Force, Denver, CO, for plaintiff-appellee.

Before MOORE, ANDERSON and KELLY, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

Mr. Bara appeals the sentence arising from his conviction, on a plea of guilty, of conspiracy to distribute cocaine, 21 U.S.C. §§ 846, 841(a)(1). He objects to the inclusion of one-and-one-half kilograms of cocaine he purchased in a "reverse sting" operation as being included as "relevant conduct" quantity under the Sentencing Guidelines, U.S.S.G. § 1B1.3(a)(2); 2D1.1, comment. (n. 12) (Nov. 1992). He does not object to the inclusion of 29.08 grams of cocaine, associated with counts dismissed. Our jurisdiction arises under 18 U.S.C. § 3742(a). We find no merit to Mr. Bara's objection and affirm.

### Background

The plea agreement envisioned a total quantity of one-and-one-half kilograms, with a base offense level of 26, although it also mentioned that Mr. Bara expressed interest in purchasing two kilograms of cocaine when approached. The presentence report estimated the quantity at 2,029.08 grams, with a base offense level of 28.

■ Mr. Bara objected to the quantity and base offense level contained in the presentence report, arguing that, at most, one-and-one-half kilograms associated with the con-spiracy count should be included. Under the Sentencing Guidelines, a district court should consider "all relevant conduct bearing upon the guideline range" brought to its attention, *United States v. Richardson,* 901 F.2d 867, 869 (10th Cir.1990), and this may include "relevant conduct" quantities of drugs not contained in the plea agreement, *United States v. Easterling,* 921 F.2d 1073, 1079–80 (10th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2066, 114 L.Ed.2d 470 (1991); *United States v. Rutter,* 897 F.2d 1558, 1564–65 (10th Cir.), *cert. denied,* 498 U.S. 829, 111 S.Ct. 88, 112 L.Ed.2d 60 (1990). In this case, the district court sentenced based upon a total quantity of one-and-one-half kilograms, rather than the 2,029.08 grams contained in the presentence report. The government has not appealed the sentence, and we decline to address whether the greater quantity should have been used. *See United States v. Kimmons,* 965 F.2d 1001, 1007 n. 4 (11th Cir.1992), *vacated on other grounds,* —— U.S. ——, 113 S.Ct. 2326, 124 L.Ed.2d 239 (1993); *United States v. Watford,* 894 F.2d 665, 669–70 (4th Cir.1990).

On appeal, Mr. Bara argues that the district court should not have included one-and-one-half kilograms of cocaine in determining his base offense level for two reasons: (1) two kilograms of cocaine were offered by undercover government agents posing as *sellers* in a "reverse sting" operation, and (2) the amount was substantially larger than Mr. Bara had previously *sold* to various informants, and the agents allowed him to take a half-kilogram on consignment as he only had $31,000 in cash.

Relying upon *United States v. Sneed,* 814 F.Supp. 964 (D.Colo.1993), a case involving financial losses under U.S.S.G. §§ 2F1.1, and 28 U.S.C. § 994(c)(3), Mr. Bara suggests that in computing quantity, the district court should consider the harm caused by the offense, i.e., the harm to the victim and the gain to the defendant. *Sneed,* 814 F.Supp. at 969. He argues that the government agents controlled this entire drug transaction:

They were not about to, and did not in fact, permit the drugs they provided to actually be distributed to the public. And, since the potential for "harm" in drug cases arises from the danger the drugs will reach, and be used by, the public, when this result is rendered impossible by government action, there is no logical basis for applying the quantity based drug tables to determine the appropriate offense level. In other words, no harm, no foul.

Aplt. Br. at 6–7. The government responds that Sentencing Guidelines involving monetary losses focus more on individual harm than the Guidelines involving drug trafficking crimes, which recognize the societal harm of drug trafficking. The government further argues that Mr. Bara's argument is akin to a "sentencing entrapment" argument, "[h]owever, except in egregious cases, 'sentencing entrapment' is not a good sentencing argument." Aplee. Br. at 7. Finally, the government argues that the quantity determination must be made in light of the object of the conspiracy; incomplete transactions are based upon the weight of the controlled substance under negotiation, regardless of whether the defendant was a buyer or seller, unless the defendant proves that "he did not intend to produce and was not reasonably capable of producing the negotiated amount," be it money or drugs. *See* U.S.S.G. § 2D1.1, comment. (n.12); *United States v. Barnes,* 993 F.2d 680, 682–84 (9th Cir.1993).

### Discussion

■■■ Our review of a quantity determination under the Sentencing Guidelines is normally for clear error; however, contested issues of law are reviewed de novo. *United States v. McGee,* 7 F.3d 1496, 1498 (10th Cir.1993). The law supports the government's position. The district court was required to include the one-and-a-half kilogram amount, notwithstanding that in this reverse sting operation *actual* delivery of cocaine to the defendant for distribution to the public was not intended by the government. *See* U.S.S.G. § 2D1.1, comment. (n. 12) (Nov. 1992) ("the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount"). *See also United States v. Mkhsian,* 5 F.3d 1306, 1313 (9th Cir.1993); *United States v. Frazier,* 985 F.2d 1001, 1002–03 (9th Cir.1993); *United States v. Adames,* 901 F.2d 11, 12 (2d Cir. 1990).

■■■ As for sentencing entrapment, the notion that the government manipulated the sentencing process by forcing the defendant to purchase greater quantities than desired, we need not address the issue, other than to say that Mr. Bara, having negotiated the two kilogram sale and subsequent credit arrangement, has developed no facts which would support such a claim. *See United States v. Barth,* 990 F.2d 422, 424–25 (8th Cir.1993); *United States v. Connell,* 960 F.2d 191, 195 (1st Cir.1992). We note that the current version of the Guidelines provides that a departure may be warranted in reverse sting operations where the government sets an artificially low price for the controlled substance, thereby inducing the defendant to purchase a significantly greater quantity. U.S.S.G. § 2D1.1, comment. (n. 17) (Nov. 1993).

■■■ Finally, we reject Mr. Bara's invitation to include in quantity only amounts which are actually distributed to the public. The short answer is that the conspiracy statute, 21 U.S.C. § 846, prohibits the mere agreement to distribute and the substantive statute, 21 U.S.C. § 841(a)(1), makes no such distinction. Given the covert nature of drug trafficking, the government often must rely upon undercover operations for enforcement of the narcotics laws. Moreover, as the district court noted at sentencing, the harm of drug trafficking extends far further than personal consumption.

AFFIRMED.