15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Peter Winfield GIBBS, Defendant-Appellant.
 No. 92-50713.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1994.*
Decided Jan. 11, 1994.
 
 1
 Before: GOODWIN, HALL, Circuit Judges, and TANNER, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Peter Winfield Gibbs appeals his jury conviction and sentence for possession with intent to distribute methamphetamine (21 U.S.C. Sec. 841(a)), using or carrying a firearm during a crime of violence (18 U.S.C. Sec. 924(c)), and being a felon in possession of a firearm (18 U.S.C. Sec. 922(g)(1)). We affirm.
 
 I.
 
 4
 Gibbs argues that his sentence should have been based only on the drug amount involved in the December 26, 1991 purchase because the government's failure to arrest him and the subsequent January 14, 1992 purchase constituted sentencing entrapment. Some courts accept sentencing entrapment as a possible basis for overturning a defendant's sentence. See United States v. Barth, 990 F.2d 422, 424-25 (8th Cir.1993); United States v. Lenfesty, 923 F.2d 1293 (8th Cir.), cert. denied, 111 S.Ct. 1602 (1991).
 
 
 5
 Assuming without recognizing the validity of the sentencing entrapment theory, Gibbs' argument is without merit. The courts recognizing sentencing entrapment have required "outrageous official conduct [that] overcomes the will of an individual predisposed only to dealing in small quantities." Lenfesty, 923 F.2d at 1300. Here, Gibbs freely agreed to sell the negotiated amount of drugs. See United States v. Frazier, 985 F.2d 1001, 1003 (9th Cir.1993). Officers made only two drug purchases before arresting Gibbs and the record contains no evidence that the second purchase was done to manipulate Gibbs' sentence.[1]
 
 II.
 
 6
 Gibbs next argues that the evidence was insufficient to support his Sec. 924(c)(1) conviction for carrying a gun during and in relation to a drug trafficking crime. The test for insufficiency is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 7
 Section 924(c) contains two requirements. First, the government must establish that the defendant "used" or "carried" the firearm. The second requirement is the defendant used or carried the firearm "during and in relation to" the underlying crime. Smith v. United States, 113 S.Ct. 2050, 2053 (1993); United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991). Here, after the January 14 purchase and arrest, officers found a loaded gun in a briefcase directly behind the driver's seat of Gibbs' van. The gun, which Gibbs admits was within his reach, was kept in close proximity to the drugs. On these facts, a rational jury could conclude that both requirements of Section 924(c) were met. See Torres-Medina, 935 F.2d at 1050; United States v. Garcia, 997 F.2d 1273, 1283-84 (9th Cir.1993).
 
 
 8
 We AFFIRM.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Under the applicable guideline ranges, it appears that the district court could have imposed the same sentence regardless of whether the drug quantities from the second purchase were included. This further undermines Gibbs' claim of sentencing entrapment