41 F.3d 1516
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Armando VISCAINO-GARCIA, Defendant-Appellant.
 No. 93-1368.
 United States Court of Appeals, Tenth Circuit.
 Nov. 21, 1994.
 
 D.Colo., No. 93-CR-66-01.
 D.Colo.
 AFFIRMED.
 Before MOORE, ANDERSON and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Defendant-appellant Armando Viscaino-Garcia was tried by a jury and convicted of conspiring to possess with intent to distribute and to distribute cocaine, 21 U.S.C. Secs. 841(a)(1); 846; 18 U.S.C. Sec. 2. Sentencing occurred on July 30, 1993, and the judgment of conviction was entered on August 13, 1993. On appeal, he claims that the district court erred in determining the quantity of drugs used in determining his base offense level at 28, U.S.S.G. Sec. 2D1.1(c)(8), and in making a two-point upward adjustment for role in the offense as an organizer and leader, U.S.S.G. Sec. 3B1.1(c). By letter dated July 31, 1993, filed in the district court on August 9, 1993, Mr. Viscaino-Garcia indicated his intent to seek appellate review. We construe this as a premature notice of appeal which ripened upon entry of the judgment of conviction. See Fed.R.App.P. 4(b); Smith v. Barry, 112 S.Ct. 678, 682 (1992). Our jurisdiction arises under 28 U.S.C. Sec. 1291 and 18 U.S.C. Sec. 3742. We affirm.
 
 
 2
 The district court's quantity determination is not clearly erroneous. See United States v. Bara, 13 F.3d 1418, 1420 (10th Cir.), cert. denied, 114 S.Ct. 1662 (1994). Ample evidence supports the district court's implicit finding that Mr. Viscaino-Garcia intended to purchase two kilos of cocaine and had a reasonably firm method to obtain the necessary extra funds to pay for two kilograms. See U.S.S.G. Sec. 2D1.1, cmt. (n. 12).
 
 
 3
 Likewise, the district court's finding that Mr. Viscaino-Garcia was a leader and organizer is not clearly erroneous. See United States v. Chatman, 994 F.2d 1510, 1518 (10th Cir.), cert. denied, 114 S.Ct. 230 (1993). Mr. Viscaino-Garcia directed his codefendant to place a telephone call to facilitate the transaction, arranged the location and handled other aspects of this drug deal.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)