64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald Lake SIMPSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rodolfo MOLINA, Jr., Defendant-Appellant.
 Nos. 92-10155, 92-10158.
 United States Court of Appeals, Ninth Circuit.
 May 17, 1995.
As Amended on Denial of Rehearing July 11, 1995.
 
 1
 Before: REINHARDT and LEAVY, Circuit Judges, and MERHIGE*, Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Donald Lake Simpson (Simpson), a former U.S. Customs inspector, and Rodolfo Molina, Jr. (Molina), a former U.S. Immigration inspector, appeal their convictions and sentences for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 28 U.S.C. Secs. 841(a)(1), 841(b)(1)(A)(ii)(II) and 28 U.S.C. Sec. 846. Simpson also appeals his conviction and sentence for possession of a firearm not registered to him under the National Firearms and Transfer Act (NFTA), 53 U.S.C. Sec. 26, in violation of 26 U.S.C. Secs. 5861(d) and 5871. We affirmed Simpson's firearm conviction in an opinion filed November 30, 1993. United States v. Simpson, 10 F.3d 645 (9th Cir. 1993).
 
 
 4
 We resolved the issue of the need to allege an overt act under 21 U.S.C. Sec. 846 by an order amended this date. By this memorandum we resolve the remaining assignments of error made by each appellant.
 
 I. SIMPSON
 A. Outrageous Government Conduct
 
 5
 Simpson argues that the indictment against him should have been dismissed due to the government's outrageous conduct in engineering and directing the criminal enterprise. He also contends that his Fifth Amendment rights have been violated by the government's use of the confidential informant, Frasure.
 
 
 6
 Frasure and Simpson met while both were incarcerated in Springfield, Missouri. After his release, Frasure approached the FBI, detailing Simpson's proposed criminal activity. Simpson claims that the indictment should have been dismissed because the government operated, "for an extended period of time, an actual and illegal apparatus." United States v. Luttrell, 889 F.2d 806, 812 (9th Cir. 1989), reh'g granted, 906 F.2d 1384 (9th Cir. 1990) (en banc), vacated, 923 F.2d 764 (9th Cir. 1991) (en banc), cert. denied, 112 S. Ct. 1558 (1992). In Luttrell, the government (1) established an illegal bootlegging operation, (2) provided substantial equipment and supplies, (3) ran it for two-and-one-half years and (4) was its sole customer. The situation of two prisoners discussing criminal activity is hardly comparable to an elaborate, government-engineered enterprise. The circumstances were not set up so as to entice Simpson into such conversations; Frasure was not prepared or coached by the government. We disagree with the appellant's characterization of the facts in his case as being similar to the level of governmental overinvolvement found in Greene v. United States, 454 F.2d 783 (9th Cir. 1971). Thus, we find that the district court did not err in denying Simpson's motion to dismiss the indictment.
 
 
 7
 B. Violation of Simpson's Sixth Amendment Right to Counsel
 
 
 8
 Simpson further argues that his Sixth Amendment Right to Counsel was violated under Massiah v. United States, 377 U.S. 201 (1964). Simpson's statements to a fellow prisoner are readily distinguishable from those protected under Massiah. The statements at issue were made in a case unrelated to the one for which Simpson was indicted. Accordingly, we do not find that Simpson's Sixth Amendment right to counsel was violated.
 
 
 9
 C. Miscalculation of Quantity of Cocaine at Simpson's Sentence
 
 
 10
 Simpson disputes the quantity of cocaine used in calculating his sentence. The appellant claims that he is liable for no more than 5 kilograms, arguing that the government arbitrarily estimated the amount at 500 kilograms. Simpson also asserts that no more than two grams were actually delivered.
 
 
 11
 We have held that in a drug sale to undercover agents, the defendant's offense level is determined by the quantity the parties voluntarily agreed to exchange. United States v. Frazier, 985 F.2d 1001 (9th Cir. 1993). We find that Simpson did not meet his burden of proving that he did not intend, or was not capable of, producing the negotiated amount. United States v. Barnes, 993 F.2d 680 (9th Cir. 1993). The district court did not err in its calculation of the defendant's offense level.
 
 D. Sentencing Entrapment
 
 12
 Simpson also asserts that he is eligible for a downward departure for sentencing entrapment. According to Simpson, government agents induced him to agree to sell a larger amount of cocaine than he was initially predisposed to sell. It is apparent that the district court believed that it lacked authority to depart downward on this ground. However, our recent decision in United States v. Staufer, 38 F.3d 1103 (9th Cir. 1994), establishes that sentencing entrapment is a legitimate basis for a downward departure. Because Staufer was decided after sentencing in the present case, the district court judge could not have known of his authority to depart at the time he sentenced Simpson. We therefore remand for the district court to determine whether in light of Staufer Simpson is eligible for a sentencing entrapment departure. On remand, Simpson should be given the opportunity to present evidence on this question, in accordance with U.S.S.G. Sec. 6A1.3. If the district court finds that Simpson was induced to sell an amount larger than that which he was predisposed to sell, then the district court has discretion to depart downward.
 
 II. MOLINA
 
 13
 A. Violation of Molina's Right to Put on a Defense
 
 
 14
 Molina appeals the district court's denial of his Fed. R. Crim. P. 17 motion to subpoena witnesses to either rebut testimony that the appellant's actions involved money laundering or to testify against Frasure's credibility.
 
 
 15
 Molina claims that the district court erred in excluding testimony that his purpose in dealing with Simpson and Frasure was to fund his food export business. We find no abuse of discretion in the court's holding that Molina's motive for entering into discussions of criminal enterprise with his coconspirators is irrelevant. Molina also challenges the district court's exclusion of taped conversations between him and Frasure, which the appellant sought to introduce to demonstrate his motivation for joining the conspiracy. Molina contends that although the government was permitted to introduce tape recorded conversations, the district court erred in not permitting the appellant to do so. We find no abuse of discretion in the court's exclusion of evidence on grounds of relevancy.
 
 
 16
 Molina also complains that he was not allowed to have witnesses testify as to the confidential informant Frasure's credibility. Specifically, Molina claims he sought to have Detective James Liggett (Liggett) testify about Frasure's bad check writing, lying, impersonating, reference falsifying, stealing, and securing goods and services falsely. Molina has not demonstrated that his right to produce witnesses in his defense was violated as in Walker v. Sumner, 14 F.3d 1415 (9th Cir. 1994). Molina was allowed to cross-examine Frasure on all of the conduct mentioned; thus, the district court did not err in its denial of the appellant's motion.
 
 
 17
 Molina claims that the district court interfered with his right to cross-examination of prosecution witnesses. Specifically, Molina appeals the district court's refusal to permit testimony regarding the credibility of the government witness, Frasure. The appellant claims that his right to question the witnesses' motives and bias was curtailed. Molina was, however, able to cross-examine on all of these issues. We note that a defendant's undeniable right to confront witnesses is limited by the trial judge's wide discretion in determining the scope of cross-examination. United States v. Payne, 944 F.2d 1458, 1469 (9th Cir. 1991). We find no abuse of that discretion.
 
 B. Failure to Properly Instruct the Jury
 
 18
 Molina argues that the district court erred in refusing to instruct the jury on multiple conspiracies. Molina contends that the evidence supports the conclusion that multiple conspiracies existed, emphasizing that he was unaware of any conspiracy until December 1990, when he first met Frasure. The government argues that, while several individual transactions had been agreed upon, the general conspiracy was to obtain, transport, and sell cocaine. Finding multiple conspiracies requires some evidence of separate agreements and purposes. See United States v. Patterson, 819 F.2d 1495, 1502 (9th Cir. 1987). No such finding is warranted here. The district court's ruling is affirmed.
 
 
 19
 Molina argues his conviction must be reversed because the district court failed to instruct the jury on a lesser included offense. He contends the jury should have been instructed on a conspiracy involving less than 5 kilos of cocaine. We have held that an instruction on a lesser included offense should be given under specific circumstances:
 
 
 20
 A trial court should give an instruction on a lesser included offense if the jury could rationally convict the defendant on the lesser included charge and acquit him of the greater.
 
 
 21
 United States v. Espinosa, 827 F.2d 604 (9th Cir. 1987), cert. denied, 48 U.S. 968 (1988). Here, the record does not reflect that a jury could have rationally convicted the appellant of a lesser included offense and acquitted him of the greater. This conspiracy was not a one-shot deal where such an amount could be distinguished from another. We do not find any abuse of discretion in the court's refusal to give a lesser included offense instruction
 
 C. Denial of Molina's Motions to Sever
 
 22
 Molina argues that he was prejudiced by the district court's refusal to sever the counts as well as defendants for trial. The appellant claims that the gun charges and drug charges were so dissimilar as to warrant severance of the counts; in fact, only his codefendant was charged with the use of a weapon. Molina also asserts that the government's introduction of prior bad acts against codefendant Simpson was so prejudicial to him as to warrant severance of the trials.
 
 
 23
 The government argues that Molina has not met the heavy burden required on this issue, quoting us in United States v. Kaplan, 895 F.2d 618, 621 (9th Cir. 1990):
 
 
 24
 A denial of severance will be upheld absent a showing that "joinder was so manifestly prejudicial that it outweighed the dominant concern with judicial economy and compelled exercise of the court's discretion to sever." U.S. v. Whitworth, 856 F.2d 1269, 1277 (9th Cir. 1988), cert. denied, -- U.S. --, 109 S.Ct. 1541, 103 L.Ed.2d 846 (1989); U.S. v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980). "[J]oinder is the rule rather than the exception." Whitworth, 856 F.2d at 1277.
 
 
 25
 Id. We find no abuse of discretion in refusing to sever charges of drug dealing from the charge involving the weapon.
 
 D. Denial of Molina's Motion for Mistrial
 
 26
 Molina argues that the district court erred when it denied his motion for mistrial based on alleged prosecutorial misconduct in closing arguments. Specifically, Molina objects to a statement by the prosecutor:
 
 
 27
 "These guys know what the score is. Though [sic] used to be cops until they sold their badges. So they knew what the possibilities were of other people listening in on the conversations." (Emphasis added). [RT, 10/23/91, p. 132]
 
 
 28
 Opening Brief of Appellant at 33.
 
 
 29
 We do not find that this statement amounts to "asserting official misconduct by Appellant ...." Id. at 35. Molina emphasizes that he had resigned from his government position three years earlier. The statement does not warrant a mistrial. We affirm the district court's ruling.
 
 E. Miscalculation of Quantity of Cocaine
 
 30
 Molina claims, as did Simpson, that the district court used an incorrect quantity to calculate his offense level. Under the same analysis as discussed supra, we also affirm the district court's calculation of Molina's offense level.
 
 F. Sentencing Entrapment
 
 31
 Molina also claims, as did Simpson, that he is eligible for a downward departure for sentencing entrapment. As discussed supra, we also remand as to Molina's sentence for the district court to consider whether, in light of Staufer, a downward departure for sentencing entrapment is warranted.
 
 G. Other Sentencing Issues
 
 32
 Molina's other challenges to his sentence are without merit. The district court did not clearly err in concluding that Molina was not a minor or minimal participant or in concluding that he had failed to accept reponsibility. Aside from Molina's allegations regarding sentencing entrapment, there are no circumstances that would support a downward departure.
 
 
 33
 H. Denial of Molina's Motions for Acquittal and New Trial
 
 
 34
 In this case, we have held in an order filed this date that proof of an overt act is not an element of the conspiracy charge. Therefore, we affirm the district court's denial of the appellant's motions for acquittal and new trial.
 
 III. CONCLUSION
 
 35
 In Simpson, 92-10155, and in Molina, 92-10158, we AFFIRM in part and REMAND in part.
 
 
 
 *
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3