61 F.3d 913
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos Enrique GOMEZ-ACEDO, Defendant-Appellant.
 No. 93-10610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1995.
Submission Deferred Nov. 18, 1994.
Resubmitted July 5, 1995.*
Decided July 12, 1995.
 
 1
 Before: ALARCON and HALL, Circuit Judges, and KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Carlos Enrique Gomez-Acedo appeals from his conviction after pleading guilty to one court of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. Secs. 841 and 846. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 4
 The issue regarding compliance with Fed. R. Crim. P. 11(c) is without merit. See United States v. Fuentes-Mendoza, No. 93-10579 slip op. (9th Cir. June 6, 1995).
 
 
 5
 Gomez-Acedo also raises issues regarding sentencing. We review the district court's interpretation of the Sentencing Guidelines de novo, and the court's factual findings in connection with sentencing for clear error. United States v. McAninch, 994 F.2d 1380, 1383 (9th Cir.) (citations omitted), cert. denied, 114 S.Ct. 394 (1993). There was ample evidence that Gomez-Acedo knowingly "possessed" firearms during the commission of the offense. United States v. Flores-Payon, 942 F.2d 556, 561-62 (9th Cir. 1991); United States v. Stewart, 926 F.2d 899, 900-01 (9th Cir. 1991); United States v. Garcia, 909 F.2d 1346, 1349 (9th Cir. 1990). Enhancing the base-level offense by two levels for firearms was not clearly erroneous.
 
 
 6
 Similarly, there was ample evidence that Gomez-Acedo controlled others by playing a decision-making role. United States v. Castro, 972 F.2d 1107, 1113 (9th Cir. 1992), cert. denied, 113 S.Ct. 1350 (1993); United States v. Hernandez, 952 F.2d 1110, 1119 (9th Cir. 1991), cert. denied, 113 S.Ct. 334 (1992); United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir. 1991), cert. denied, 112 S.Ct. 1585 (1992). Enhancing two levels for a managerial role was not clearly erroneous.
 
 
 7
 Gomez-Acedo properly points out that the presentence report calculated the base offense level to be 30, based on 1277 pounds of marijuana (579.9 kg) in the storage shed, 98.6 pounds of marijuana (44.7 kg) given to the confidential informant, and 675 grams of cocaine in the house (equivalent to 135 kg of marijuana). "Under the Guidelines[,] each conspirator, for sentencing purposes, is to be judged not on the distribution made by the entire conspiracy but on the basis of the quantity of drugs which he reasonably foresaw or which fell within 'the scope' of his particular agreement with the conspirators." United States v. Petty, 992 F.2d 887, 890 (9th Cir. 1993). The record, however, indicates that Gomez-Acedo pled guilty only to conspiracy to possess with intent to distribute marijuana (not cocaine), and that the trial court did not intend to consider cocaine in the sentence. The proper total of 624.6 pounds of marijuana yields a base offense level of 28, not 30.
 
 
 8
 Gomez-Acedo also argues that he was only involved with the 98.6 pounds of marijuana, not with the 1277 pounds found in the shed. He disclaims any knowledge of the 1277 pounds and contends that, under Petty, that quantity was not reasonably foreseeable. He asks for remand for specific factual findings. Gomez-Acedo, however, failed to object on this ground and, thus, did not preserve the point for appeal. United States v. Belden, 957 F.2d 671, 674-75 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). The trial court specifically referred to "1400 pounds of marijuana" at least five times, without objection from Gomez-Acedo.
 
 
 9
 Thus, the proper guideline figure was 29,[1] rather than 31. A figure of 31 yields a range of 108 to 135 months, while the proper figure of 29 yields a range of 87 to 108 months. The trial court sentenced Gomez-Acedo to 78 months--still well-below the minimum sentence provided by the correct figure.[2] Thus, the two-level error in the presentence report was harmless. See McAninch, 994 F.2d at 1389 ("A remand is not required if 'the reviewing court concludes, on the record as a whole... that the error did not affect the district court's selection of the sentence imposed."') (quoting Williams v. United States, 112 S.Ct. 1112, 1121 (1992)).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The figure of 29 comes from a base offense of 28, enhanced four levels for firearms and a managerial role, and lowered three levels for acceptance of responsibility
 
 
 [2]
 The court accepted the plea agreement pursuant to Sentencing Guidelines Sec. 6B1.2(c)(2). The court told Gomez-Acedo:
 The plea agreement provides for a 78 month cap on terms of imprisonment.... I accept the plea agreement because I'm satisfied that the cap departs from the applicable guidelines for justifiable reasons. [ER at 67].