133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Everett MALONE, Defendant-Appellant.
 No. 97-15201.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 MEMORANDUM*
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 Brian Everett Malone, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to set aside his 73-month sentence following his guilty plea conviction for conspiring to possess with the intent to distribute methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 2
 Malone contends that: (1) his sentence was improperly calculated because the government failed to prove that the substance he conspired to possess was d-methamphetamine as opposed to 1-methamphetaminei- and (2) trial and appellate counsel were ineffective for failing to raise the issue. Malone's contentions are foreclosed by United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996) (holding that defendants cannot raise d-meth/1-meth claim for the first time in a section 2255 motion and concluding that trial counsel's failure to pursue the issue at sentencing did not fall below an objective standard of reasonableness), cert. denied, 117 S.Ct. 2444 (1997).
 
 
 3
 Malone contends that the district court erred when it (1) calculated his offense level by converting the ephedrine into "actual" methamphetamine because there is no evidence he was attempting to use the ephedrine to manufacture methamphetamine; and (2) applied an enhancement for the possession of a weapon under USSG § 2D1.1(b)(1). Malone has waived these allegations of non-constitutional sentencing error by failing to raise them at sentencing or on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994)
 
 
 4
 To the extent Malone contends counsel was ineffective for failing to make these objections at sentencing, he cannot show prejudice. See Strickland v. Washington, 466 U.S. 668, 689 (1984). In Malone's presentence report, the ephedrine was converted into actual methamphetamine based on evidence indicating that Malone was manufacturing methamphetamine. See United States v. Basinger, 60 F.3d 1400, 1410, n. 6 (9th Cir.1995). At sentencing, the district court applied a base offense level lower than that recommended by the presentence report because Malone and the government had stipulated to, a base offense level of 30 in his plea agreement. Under these circumstances, Malone cannot show he was prejudiced by counsel's failure to challenge the accuracy of the base offense level. See Strickland, 466 U.S. at 689; United States v. Howard, 894 F.2d 1085, 1089 n. 2 (9th Cir.1990).
 
 
 5
 Nor can Malone show he was prejudiced by counsel's failure to challenge the section 2D1.1(b)(1) enhancement. On the day of his arrest, methamphetamine and ephedrine were recovered from Malone's back yard and a gun was found in Malone's bedroom along with pay-owe sheets, a scale, and empty ephedrine bottles. See United States v. Pitts, 6 F.3d 1366, 1373 (9th Cir.1993). Accordingly, the district court properly applied the firearm enhancement. See United States v. Restrepo, 884 F.2d 1294, 1296 (9th Cir.1989) (section 2D1.1 does not require connection between gun and offense only that the weapon be possessed during the commission of the offense); see also United States v. Stewart, 926 F.2d 899, 901 (9th Cir.1991) (guns and drugs need not be found in proximity to each other to support firearm enhancement).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3