UNITED STATES of America, Plaintiff—Appellee,

v.

Robert OCAMPO, a/k/a Wicked, a/k/a Seal S., Defendant—Appellant.

No. 06–50203.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Feb. 1, 2008.

Becky S. Walker, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Douglas F. McCormick, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Phillip A. Trevino, Esq., Law Offices of Phillip A. Trevino, Los Angeles, CA, for Defendant–Appellant.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM [**]

Robert Ocampo appeals from the 292–month sentence imposed following a jury-trial conviction for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Ocampo contends that the district court erred in erred in applying a two level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), for possession of a firearm. We disagree. The district court properly determined that Ocampo possessed a fire-arm during the commission of the conspiracy, *see United States v. Lopez–Sandoval,* 146 F.3d 712, 715 (9th Cir.1998), and it was not "clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. n. 3. Accordingly, the district court properly applied a two-level enhancement for possession of a firearm. *See United States v. Restrepo,* 884 F.2d 1294, 1296 (9th Cir.1989).

Ocampo further contends that his sentence is unreasonable because the district court failed to adequately weigh or discuss the 18 U.S.C. § 3553(a) factors generally, and specifically failed to consider the need to avoid unwarranted sentence disparities, as required by § 3553(a)(6). Upon review of the record, we are satisfied that the district court followed the appropriate procedures: it properly calculated the Guidelines range, gave consideration to each of the relevant § 3553(a) factors, considered the parties' arguments, and provided sufficient reasons for the sentence. *See Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468–69, 168 L.Ed.2d 203 (2007). Ocampo's sentencing disparity argument fails because Ocampo is dissimilar to his co-defendants in a number of material respects and his relatively long sentence is therefore not unreasonable. *See United States v. Corona–Verbera,* 509 F.3d 1105, 1119–20 (9th Cir.2007).[1]

Ocampo's motion for leave to file a supplemental transcript designation, filed on March 20, 2007, is denied.

**AFFIRMED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. By letter dated December 11, 2007, Ocampo asks this Court, pursuant to Fed. R.App. P. 28(j), to consider the recent Supreme Court decisions in *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007) and *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Neither *Gall* nor *Kimbrough* alters the result in this case.

