**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 12-56668 |
| Plaintiff - Appellee, | D.C. Nos. 8:10-cv-00169-DOC |
| v. | 8:05-cr-00124-DOC-19 |
| **ROBERT O'CAMPO, AKA Seal S, AKA Wicked,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted January 6, 2015[**]
Pasadena, California

Before:    **KOZINSKI**, **WARDLAW** and **W. FLETCHER**, Circuit Judges.

Robert O'Campo was convicted of conspiring to possess methamphetamine

with intent to distribute.  The district court increased his offense level by two for

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

possession of a firearm. See U.S.S.G. § 2D1.1(b)(1). O'Campo's sentence was affirmed on direct appeal. United States v. O'Campo, 265 F. App'x 680 (9th Cir. 2008). O'Campo subsequently filed a pro se motion under 28 U.S.C. § 2255 to vacate his sentence on several grounds including ineffective assistance of counsel. The district court denied the motion. On this appeal, through counsel, O'Campo raises only one claim of ineffective assistance at sentencing. He claims that trial counsel was ineffective in opposing the two-level increase because his arguments were foreclosed by Ninth Circuit law, and claims that counsel should have instead argued that there was insufficient evidence of "possession" of a firearm.[1]

Even if counsel's strategy was objectively unreasonable, O'Campo's ineffective assistance claim fails because he can't show a "reasonable probability" that, but for counsel's allegedly erroneous argument, the two-level increase for possessing a firearm wouldn't have been applied. Strickland v. Washington, 466 U.S. 668, 694 (1984). The district court didn't rely on the alleged "concession" O'Campo claims his counsel made. Instead, it found that, "according to the tapes," O'Campo "talks about and admits attempting to sell a handgun and possessing that

---

[1] Although this claim is based on a different legal theory than O'Campo's pro se motion, "the issue presented is purely one of law" and the government, which has briefed the issue on the merits, "will suffer no prejudice as a result of the failure to raise the issue in the trial court." Allen v. Ornoski, 435 F.3d 946, 960 (9th Cir. 2006). We therefore decide this appeal on the merits.

handgun." We may consider the district judge's "actual process of decision" when determining prejudice because it's "part of the record of the proceeding under review." Id. at 695.

On direct appeal, we also didn't rely on any "concession" of possession. Rather, we stated that the district court "properly determined that O'Campo possessed a firearm during the commission of the conspiracy." O'Campo, 265 F. App'x at 681 (citing United States v. Lopez-Sandoval, 146 F.3d 712, 715 (9th Cir. 1998)). Indeed, the government's evidence, including O'Campo's statement that he was "hoping to get rid of" a firearm and his offer to sell it to Diaz, strongly supports the district court's finding that O'Campo possessed a firearm. See United States v. Shirley, 884 F.2d 1130, 1134 (9th Cir. 1989); see also Lopez-Sandoval, 146 F.3d at 714–15; United States v. Stewart, 926 F.2d 899, 901–02 (9th Cir. 1991). Thus, there isn't a reasonable probability that, had counsel made the argument O'Campo claims he should have, the district court would have declined to apply the enhancement.

O'Campo doesn't argue that the district court erred in dismissing any of his other claims. He has thus waived any error with respect to these claims.

**AFFIRMED.**